Breitel, J.
In this negligence action for personal injuries, the issue is whether the jury should have been instructed to bold plaintiff, who had by amnesia lost his memory of the events *230 causing Ms injury, to a lesser degree of proof than a plaintiff who could have testified to the events.
Upon the trial, a verdict in favor of defendants was returned. The trial court initially instructed the jury to hold plaintiff to a lesser degree of proof if it found his amnesia to be genuine. Upon defendants’ objection, however, the charge was withdrawn, plaintiff taking exception.
There should be a reversal and a new trial in order that the jury may consider whether plaintiff should be held to a lesser degree of proof.
Robert Schechter and his companion, Alice Stone, were involved in a motorboat collision on the night of August 25, 1964. Both were then 14 years old. They had left a party at a lakeshore home and, with Robert operating his father’s boat, had begun motoring across the lake. Alice sat in the front seat, to the left of Robert. Alice testified that the night was clear and moonlit, that the boat’s lights were on, and that Robert was taking a straight course at about four miles an hour. They had not gone far, Alice continued, when she looked to her right and saw a motorboat some 50 feet distant heading towards them, its bow out of water. About one second later, she estimated, the other boat, operated by defendant Robert Klanfer, struck the Schechter boat near the driver’s seat. Alice estimated that the Klanfer boat was traveling at 30 miles an hour. The nighttime speed limit on the lake was 10 miles an hour. The defendants disputed Alice’s testimony as to the speed of their boat and the lighting of the Schechter boat. Robert testified but not as to the accident, claiming that, as a result of the collision, he had no memory of the events. He had sustained a fractured skull, fractured arm, fractured jaw, and other physical injuries. He had been comatose for several days. Plaintiff’s medical expert testified that Robert had suffered severe emotional shock and psychiatric change, including amnesia, due to brain damage.
The rule providing when a plaintiff may prevail on a lesser degree of proof was best crystalized in Noseworthy v. City of New York (298 N. Y. 76). The court there held that “in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence ” (id,., at p. 80). Moreover, despite *231 some contrary notions, the rule has been applied in wrongful death cases where the plaintiff has called an eyewitness.
In Schafer v. Mayor of City of N. Y. (154 N. Y. 466, 472), a wrongful death action antedating the statutory shift in burden of proof on contributory negligence in wrongful death cases, the rule was applied to plaintiff’s burden on contributory negligence. Although the plaintiff had called eyewitnesses, the court explained that only plaintiff’s decedent could have testified that he had seen the danger and had sought to avoid it. Plaintiff Schechter’s case is similar: at issue is the degree of proof needed to meet plaintiff’s burden on contribtuory negligence; an eyewitness, Alice Stone, was called; and only Robert Schechter could have testified, if he were capable, whether he saw the Klanfer boat and tried to avoid it. In Swensson v. New York, Albany Desp. Co. (309 N. Y. 497, 503), a wrongful death case, the only eyewitness had sat as a passenger, like Alice Stone, beside the driver of a motor vehicle involved in the accident. The Noseworthy rule was applied.
"While it may not have been necessary to apply a lighter burden of persuasion to the case of an infant too young to talk because there happened to be circumstantial evidence upon which the jury could rely, the Noseworthy case (supra) was cited in Stein v. Palisi (308 N. Y. 293, 297). In Berg v. State of New York (40 Misc 2d 354) a lighter burden was applied on behalf of an imbecile who had sustained fatal injuries in a State hospital, the emphasis being placed on decedent’s ixhbeeilic state rather than on the fact of death as a result of the accident. Of course, the imbecility was not due to the accident. (But see Rucker v. Fifth Ave. Coach Lines, 15 N Y 2d 516, esp. dis. opn. at pp. 518-519, involving a mental incompetent in which, however, a prima facie case had not been established.)
More to the point, a lesser burden was applied to an amnesiac plaintiff in Cresci v. City of New York (27 A D 2d 277, 279, affd. 21 N Y 2d 932) on the assumption that there could be no different standard than for a death case. The court, however, concluded that, even applying the rule, plaintiff had not made out a prima facie case, citing Wank v. Ambrosino (307 N. Y. 321, infra). In Cameron v. Dooley (18 A D 2d 130) the rule of lesser burden was applied and couched in these words: *232 “ There is at least some analogy between the situation here and that in the case where one of the drivers was killed in an accident, the only difference being that the version of one as to what happened is left untold because of death, and in this case the narrative is destroyed by the amnesia. Under such circumstances we should closely scrutinize whatever other evidence there may be which will shed light upon the manner in which the accident occurred” (p. 131). Relying on the lesser burden of persuasion the plaintiff was held to have made out her case sufficiently to go to the jury.
The Committee on Pattern Jury Instruction of the Association of Supreme Court Justices recommends, in a pattern instruction, that the amnesiac plaintiff be held to a lesser degree of proof if the jury is satisfied from medical and other evidence that plaintiff is suffering from loss of memory and that the injuries plaintiff incurred were a substantial factor in causing plaintiff’s loss of memory (PJI 1:62).* In a thoughtful and well-documented comment to the instruction, the committee explains: “The limitation that the accident must have been a substantial factor in causing the loss of memory is predicated on the rationale of the Noseworthy case, which is not merely plaintiff’s inability to present proof, but the unfairness of allowing the defendant, who has knowledge of the facts, to benefit by standing mute when plaintiff’s inability results from defendant’s acts.” (1 N Y PJI 36, emphasis in original.)
Of course, an amnesiac plaintiff can no more “ describe the occurrence ” that produced his injury than can a plaintiff’s decedent, a toddler or an imbecile. Other States, faced with an analogous choice of extending to amnesiac plaintiffs a ‘ ‘ presumption of due care ’ ’ normally accorded plaintiffs ’ decedents, have reasoned that the amnesiac’s inability to testify entitles him to the preferential rule (see, e.g., Scott v. Burke, 39 Cal. 2d 388, 394; McKeough v. Witman, 50 Del. 230, 234; Prewitt v. Rutherford, 238 Iowa 1321, 1327-1328; Breker v. Rosema, 301 *233 Mich. 685, 693-694; Ann., Presumptions—Due Care—Loss of Memory, 141 A. L. R. 872, 873; compare 11 Blashfield, Automobile Law and Practice [3d ed.], § 417.2 “No-eyewitness rule ”, esp. at p. 144).
The rule even as applied to amnesiacs does not, however, shift the burden of proof or eliminate the need for plaintiffs to introduce evidence of a prima facie case. The jury must rest its findings on some evidence to establish negligence and also the absence of contributory negligence (see Wank v. Ambrosino, 307 N. Y. 321, 323-324, supra). In this case, however, plaintiff did introduce evidence to make out a prima facie case, so that there was an opportunity to apply the lesser burden of persuasion. If the jury had been told to apply a lesser burden of persuasion, it could have and, therefore, might have found plaintiff free from contributory negligence. The circumstances testified to by Alice Stone that Robert drove the boat in a straight line, at a speed of four miles an hour, and with the boat lights on, were relevant on the issue of contributory negligence. It also could have found defendants negligent upon Alice’s testimony of the speed and course of the Klanfer boat.
The danger is, of course, that amnesia is easily feigned. The dangers may be ameliorated. Plaintiff has the burden of proof on the issue of amnesia as on other issues. A jury should be instructed that before the lesser burden of persuasion is applied, because of the danger of shamming, they must be satisfied that the evidence of amnesia is clear and convincing, supported by the objective nature and extent of any other physical injuries sustained, and that the amnesia was clearly a result of the accident.
The above is undoubtedly a more severe test than that suggested by the Pattern Jury Instructions (supra). Yet it would seem a small price to pay for a liberal rule treating amnesiac plaintiffs on a par with the representatives of decedents in death actions. The reasons for so treating amnesiacs are similar to those advanced for representatives of persons silenced in fatal accidents, but the risk and ease of shamming are measurably greater.
*234 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered, with costs to abide the event.
Chief Judge Field and Judges Burke, Scileppi, Bergan, Jasen and Gtbson concur.
Order reversed, etc.

 “ If, however, you are satisfied from the medical and other evidence presented that plaintiff is suffering from a loss of memory that makes it impossible for him to recall events at or about the time of the accident and that the injuries plaintiff incurred in the accident were a substantial factor in causing his loss of memory, the plaintiff is not held to as high a degree of proof as would be a plaintiff who can himself describe the occurrence.”