■ Herbert Bender et al., Appellants, v State of New York, Respondent. (Claim No. 54720.)—Appeal from a judgment, entered September 17, 1974, upon a decision of the Court of Claims, which dismissed the claimants' claim for personal injuries. Claimant Herbert Bender was injured when his automobile left its proper lane of travel while negotiating a curve on New York State Route 9 in Putnam County on March 13, 1970 and collided with a car proceeding in the opposite lane. This action was brought against the State on the ground that a dangerous and unsafe condition existed on Route 9 as a result of the State's improper design. The court agreed, finding that the curve upon which the accident occurred had an inadequate rate of bank for the existing speed limit of 50 miles per hour. However, despite the State's negligence, the court dismissed the claim, finding that the claimant was contributorily negligent. Furthermore, the court refused to allow the claimant the benefit of a lesser burden of proof based on the claimant's alleged amnesia since the claimant offered no expert testimony to establish that his amnesia resulted from the accident *(Schechter v Klanfer,* 28 NY2d 228). The court further stated that even under a lesser burden of proof, "the evidence in this case establishes that claimant was guilty of contributory negligence". The evidence relied upon by the court was that the claimant was familiar with the road in the area of the accident, the claimant never used his brakes, claimant apparently traveled in the southbound lane for a considerable distance prior to impact, and the claimant's familiarity with the curve meant he was cognizant of the inherent danger of negotiating this curve at the speed of 50 miles per hour. We do not find it necessary to reach the question of whether the claimant established his right to the benefit of a lesser burden of proof. Even if it be assumed that claimant was entitled to a lesser burden as to the events of the accident, he still would be required to offer some proof tending to establish freedom from contributory negligence which would, in the circumstances of this case, include evidence not only as to his familiarity with the curve, but also whether or not he realized the danger or that the danger was hidden and claimant should therefore be excused for failing to realize it. No such proof was offered, and thus we are

constrained to find that claimant failed to prove freedom from contributory negligence even under a lesser burden of proof. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.