■ LAWRENCE RUFF, an Infant, by FREDERICK H. RUFF, JR., His Father and Natural Guardian, et al., Respondents, v LOUISE SNYDER et al., Appellants.—Appeal from a judgment of the Supreme Court, entered January 12, 1977 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiffs. The infant plaintiff, then 16 years old, was injured when the bicycle he was riding collided with a motor vehicle at the intersection of

Central Avenue and Fuller Road in the Town of Colonie, Albany County, at about 4:00 P.M. on June 11, 1970. The weather was clear and dry but the traffic was heavy. The automobile, driven by the infant defendant, Paul Snyder, and owned by his mother, defendant, Louise Snyder, had been proceeding west at about 35 miles per hour in the passing lane while other vehicles were stopped in a separate lane to its immediate left awaiting the opportunity to make left-hand turns. The bicycle had been moving north and the accident occurred in the passing lane. Plaintiff sustained multiple lacerations and a concussion. At the time of trial he was unable to offer any testimony concerning the circumstances of the incident, alleging that he suffered from retrograde amnesia as a result of his injuries. There is evidence in the record upon which the jury could reasonably find negligence on the part of the infant defendant and freedom from contributory negligence on the part of the infant plaintiff. Judgment affirmed, with costs. Mahoney, P. J., Greenblott and Mikoll, JJ., concur; Kane and Main, JJ., dissent in the following memorandum by Kane, J. Kane, J. (dissenting). Although we agree with the majority's conclusion that there was evidence of negligence on the part of the infant defendant, we believe that the case should not have been submitted to the jury because the infant plaintiff failed to establish his freedom from contributory negligence, then a necessary element of his action (CPLR 1413; see *Rossman v La Grega,* 28 NY2d 300). Assuming the trial court correctly applied the less stringent burden favoring amnesiacs *(Schechter v Klanfer,* 28 NY2d 228), no circumstances were presented from which a jury could infer the exercise of due care by the infant plaintiff in attempting to cross defendant's lane of traffic. All the witnesses who testified were consistent on one central point: traffic in the westbound passing lane was moving through the intersection with a green light in its favor. Unlike the situation presented in *Wartels v County Asphalt* (29 NY2d 372), defendant's negligence cannot be characterized as being extreme and there is not a scintilla of proof to suggest that the infant plaintiff, in the exercise of care, was unable to see the light set against him or the oncoming flow of traffic. Proceeding as he did under these conditions was not explained or independently justified by any of the known circumstances. Accordingly, upon trial evidence wholly devoid of any indication of freedom from contributory negligence, defendant's motion to dismiss should have been granted.