Jasen, J.
(dissenting). In the early morning hours of February 3, 1976, Officer Forbes while patrolling the Palisades Parkway, came upon a 1973 Chrysler Newport automobile which had skidded off the ice-slick surface, coming to rest with *1045 its engine still racing in the center mall. Officer Forbes approached the car to offer assistance to the driver, claimant herein, who initially rejected his help. After some persuasion, however, the claimant did open the car door. Officer Forbes, a patrolman with 14 years police experience, testified that he detected the smell of alcohol and that claimant’s eyes appeared glassy and his speech slurred. Claimant was placed under arrest for driving while intoxicated and, thereafter, taken to Nyack Hospital for a blood test.
Upon his arrival at the hospital, claimant became hostile and adamantly refused the administration of the blood test. In an attempt to subdue him, Officer Forbes handcuffed claimant’s wrists behind his back, and placed him in the backseat of the police car for a short drive to the station. En route, claimant began screaming that the handcuffs were too tight, complaining of substantial pain. Officer Forbes, in an attempt to alleviate claimant’s discomfort, pulled off the road into a gas station. Although the pavement had been plowed, there remained a thin layer of snow and ice. Officer Forbes assisted claimant from the car and warned him to be careful because it was slippery. After loosening the handcuffs, Forbes stood claimant against the car so that he could open the door. At that moment, claimant fell and sustained a broken nose.
Alleging various causes of action, claimant sought recovery against the State. The Court of Claims dismissed all the causes of action except negligence, sustained that cause and awarded claimant $14,500 in damages. The Appellate Division, one Justice dissenting, reversed the judgment and dismissed the claim, finding "nothing in the conduct of Officer Forbes which constituted negligence.” This court would now reverse the order of the Appellate Division and reinstate the judgment of the Court of Claims. I cannot agree with this determination and, therefore, respectfully dissent.
Prefatorily, mention should be made of claimant’s contention that insofar as he was suffering from traumatic amnesia during the incident, "his burden of proof as to the negligence of the State was lessened.” While this would appear to be the law in this State (Schechter v Klanfer, 28 NY2d 228), this rule "does not * * * shift the burden of proof or eliminate the need for plaintiffs to introduce evidence of a prima facie case.” (Id., at p 233.) In my view, claimant has failed to establish a prima facie case of negligence.
While police officers arresting a driver who appears to be in *1046 an impaired state due to the excess ingestion of alcohol owe that person the duty to exercise reasonable care (Parvi v City of Kingston, 41 NY2d 553, 559-560), this does not mean that liability will attach for every unfortunate mishap which might occur to an individual in custody, for the State is not an "insurer” of a person’s well-being. Rather, if the evidence demonstrates that the police officers employed reasonable care, their duty is satisfied and the State will not be held liable under the doctrine of respondeat superior.
An act recognized by a reasonable man "as involving a risk of harm to another” is negligent only "if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it is done.” (Restatement, Torts 2d, § 291.) Here, the officer, responding to claimant’s protests of discomfort, pulled into a gas station to loosen the handcuffs to relieve any pain claimant may have been experiencing. Unlike the situation in Parvi v City of Kingston (41 NY2d 553, 560, supra), where the police officers abandoned two inebriated persons "in the dead of night in a lonely rural setting within 350 feet of a superhighway”, a clearly apparent hazard, claimant was not at anytime left unattended and he was expressly warned that the surface was slippery. Further, although it is arguably foreseeable that an intoxicated individual may lose his balance, Officer Forbes was situated in close proximity to the claimant at all times. It should be abundantly clear from these facts that he undertook all the reasonable precautions necessary to protect claimant from injury.
While a person in an inebriated state obviously requires some degree of special care, it is totally unreasonable to demand that police officers insulate such an individual from all unexpected harm. The standard to be employed is one of "reasonableness”, not "perfection”, and the record discloses that Officer Forbes, given the circumstances of this case, fulfilled his duty to exercise reasonable care.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, etc.