■ KENNETH AUER et al., Appellants-Respondents, v HERBERT BIENSTOCK et al., Respondents-Appellants, and HARLEY-DAVIDSON MOTOR CO., INC., Defendant and Third-Party Defendant-Respondent. A.M.F. INCORPORATED, Respondent; HARLEY DAVIDSON OF NEW YORK CITY, INC., Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK et al., Third-Party Defendants-Respondents. — In an action to recover damages for

personal injuries, etc., arising from a two-vehicle accident, plaintiffs appeal, and defendants Bienstock cross-appeal, as limited by their briefs, from so much of an interlocutory judgment of the Supreme Court, Queens County (Goldstein, J.), dated March 10, 1982, as, upon a jury verdict, is in favor of plaintiffs and against defendants Bienstock on the issue of liability, apportioned liability between plaintiffs and defendants Bienstock at 40% and 60% respectively, and found no liability under strict liability theories asserted against Harley Davidson of New York City, Inc., Harley-Davidson Motor Co., Inc., and A.M.F., Incorporated.

Interlocutory judgment reversed insofar as appealed from, on the law and as an exercise of discretion, and new trial granted, with costs to abide the event.

During the trial of this action, which arose out of a two-vehicle accident, reversible error occurred when the court, over objection by plaintiffs' counsel, admitted a police report concerning the accident into evidence. The report contained statements of the defendant driver June Bienstock concerning, *inter alia,* her opinion that the plaintiff caused the accident. Under the circumstances, no hearsay exception justified the admission into evidence of Mrs. Bienstock's statements through the medium of the police report as a business record (see *Cover v Cohen,* 61 NY2d 261, 274; *Quaglio v Tomaselli,* 99 AD2d 487, 488; *Stevens v Kirby,* 86 AD2d 391). The error in admitting the report, which set forth Mrs. Bienstock's opinion that the cause of the accident was "the motorcycle [driven by plaintiff Kenneth Auer] was going too fast", was compounded when the trial court charged the jury that if they found Kenneth Auer had exceeded the posted speed limit of 40 miles per hour, they could "consider the violation some evidence of negligence on the part of the plaintiff * * * along with the other evidence in the case". Plaintiffs promptly excepted to this portion of the charge. All direct estimates of Kenneth Auer's speed, including one by an apparently disinterested witness, were below the 40 miles per hour mark. Nor was there any significant circumstantial evidence from which the jury could infer that Auer had surpassed the posted speed limit. Accordingly, this facet of the charge was error.

While these errors arguably might have affected only the drivers of the two vehicles, the language of the interrogatories posed to the jury with respect to the strict liability claims against defendants Harley Davidson of New York City, Inc., Harley-Davidson Motor Co., Inc., and A.M.F., Incorporated, indicated that if the jury believed Kenneth Auer was traveling

above the speed limit, they might conclude that he could not have avoided the accident notwithstanding the existence of a defect in the motorcycle. Consequently, the above errors affected the verdict returned with respect to the strict liability claims asserted against the corporate defendants.

With respect to the tests performed at the behest of defendants Harley-Davidson Motor Co., Inc., and A.M.F., Incorporated, we cannot say that the trial court abused its discretion in permitting testimony pertaining thereto (see *Uss v Town of Oyster Bay,* 37 NY2d 639).

The remaining points raised by plaintiffs and defendants Bienstock either were not preserved for review or lack merit. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.