■ JEROME GRANT, Respondent, v NEW YORK TELEPHONE COMPANY et al., Appellants.—In a motor vehicle negligence action to recover damages for personal injuries and property damage, defendants appeal from a judgment of the Supreme

Court, Kings County (Held, J.), entered February 29, 1984, which, upon a jury verdict apportioning fault in the happening of the accident at 65% on their part and 35% on the part of the plaintiff, is in favor of the plaintiff and against them in the sum of $127,183.

Judgment affirmed, with costs.

At the liability portion of the bifurcated trial in this case, defendant Angel Rodriquez, an employee of the defendant New York Telephone Company, testified (as a witness for both the plaintiff and the defendants) that on March 1, 1976 he was driving a telephone company van down Decatur Street, a one-way street, towards Broadway, a two-way street, in Brooklyn. Traffic on Decatur Street is controlled by a stop sign. There is no traffic-control device on Broadway.

Rodriquez testified that when he reached Broadway, he stopped at the stop sign for 10 to 15 seconds and looked both ways to see if any vehicles were approaching. After ascertaining that it was safe to proceed, he inched his van into the intersection at three to five miles per hour. At some point in the intersection, he became aware of the plaintiff's motorcycle. He immediately stepped on the brake and stopped his vehicle at almost the midway "centerpoint" of the intersection.

Plaintiff testified that he had been driving his motorcycle down Broadway and, as he approached Decatur Street, saw the van as it was approaching the stop sign. The van did not stop, but went through the stop sign at about 20 miles per hour. He had to swerve to avoid colliding with it and, in so doing, hit a pillar.

Rodriquez testified that the motorcycle sounded like it was going 45 to 50 miles per hour. This testimony was stricken after Rodriquez explained that he did not observe the vehicle's speed and that he had based his estimate solely on the sound of the motorcycle's engine. Defendants contend that the court erred in striking from the testimony of Rodriquez all references to the speed the plaintiff was traveling prior to the accident and that the court should have charged the jury in accordance with Vehicle and Traffic Law § 1180 that if it found that the plaintiff exceeded the speed limit, it could consider the violation to be some evidence of his negligence.

We disagree. The court properly excluded Rodriquez' testimony regarding the motorcycle's speed because his estimation of its speed was based only on the sound of the engine. As there was no evidence presented at trial that plaintiff was driving in excess of the speed limit, the court properly did not

include a statement based on Vehicle and Traffic Law § 1180 in its charge *(see, Auer v Bienstock,* 104 AD2d 350).

We have reviewed defendants' remaining contentions and find them to be without merit. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.