■ ISABELLA FERRARO et al., Respondents, v PETER CINELLI, Appellant. [597 NYS2d 71] —Order, Supreme Court, New York County (William Davis, J.), entered September 22, 1992, *inter alia,* denying in part defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

While we agree with defendant that the IAS Court should not have considered the police report containing the hearsay statement that pertained to the ultimate factual issue in the case, namely, that the decedent had fallen from a ladder *(see, Sansevere v United Parcel Serv.,* 181 AD2d 521, 524), we nevertheless affirm since, even if the police report is disregarded, the proof adduced by defendant in support of his motion for summary judgment did not conclusively demonstrate that the decedent did not use the allegedly defective ladder *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The pertinent considerations were aptly noted by the IAS Court, namely, that negligence cases by their very nature do not usually lend themselves to summary judgment *(Ugarriza v Schmieder,* 46 NY2d 471, 474); that in a wrongful death action, such as this, circumstantial evidence may be afforded a greater degree of weight than in cases where there are eyewitnesses to the occurrence *(Horne v Metropolitan Tr. Auth.,* 82 AD2d 909, 910, citing *Noseworthy v City of New York,* 298 NY 76); and that the possibility that an accident may have been caused by factors other than the defendant's negligence does not mandate a conclusion that the plaintiff had failed to make out a prima facie case *(Brito v Manhattan & Bronx Surface Tr. Operating Auth.,* 188 AD2d 253, 254 [citing *Ingersoll v Liberty Bank,* 278 NY 1, 7], *lv granted* 189 AD2d 1093). Concur—Ellerin, J. P., Ross, Asch, Kassal and Rubin, JJ.