[608 NYS2d 441]

Sonia L. Cunillera, Individually and as Mother and Natural Guardian of Louis A. Cunillera, an Infant, Appellant, v Doreen E. Randall, Respondent and Third-Party Plaintiff. City of New York, Third-Party Defendant.

First Department, March 8, 1994

## APPEARANCES OF COUNSEL

*Robert B. Taylor* of counsel *(Dawn A. Munro* with him on the brief; *Rovegno & Taylor, P. C.,* attorneys), for appellant.

*Thomas J. Nogan* of counsel *(McCabe & Cozzens,* attorneys), for respondent and third-party plaintiff.

## OPINION OF THE COURT

WALLACH, J.

In this negligence action it is undisputed that on June 15, 1987 the infant plaintiff, then a 10-year-old boy, was injured when he was forcibly propelled by a stream of water from an open city fire hydrant into the right rear of a moving station wagon driven by defendant Doreen Randall.

Since defendant has prevailed at Supreme Court in her motion for summary judgment dismissing the action, we must review the record in the light most favorable to the plaintiff *(Brito v Manhattan & Bronx Surface Tr. Operating Auth.,* 188 AD2d 253, *appeal dismissed* 81 NY2d 993). It appears that the boy was playing with about a dozen other children near a hydrant adjacent to Sedgwick Avenue in the Bronx when the accident occurred. Defendant testified at her deposition that there were cars parked to the right side of her vehicle, that she saw no one near the hydrant or on the avenue, and that she was driving down the street at 15 miles per hour. Defendant did observe water emerging from the hydrant on her right side in a strong stream. After passing the hydrant, defendant's back seat passenger said "stop" and "something about a child." After the impact it took defendant four car lengths to bring her car to a halt.

The motion court concluded that plaintiffs had failed to demonstrate any negligence on defendant's part, and that even if failure to stop more promptly could be considered negligence on defendant's part, such was not the proximate cause of the accident.

Although it is arguable that a triable issue as to defendant's negligent conduct is presented, especially since the infant plaintiff has little or no memory of the incident and is thus aided by a lowered standard of proof *(see, Schechter v Klanfer,* 28 NY2d 228), plaintiffs have nonetheless been unable to link any act or omission of defendant to the ensuing impact. The possibility of the driver's excessive speed is immaterial; if defendant had been driving just a little faster, the child would have missed the car altogether. The same may be said of defendant's undertaking to proceed when her view was obscured for all of one second by the stream of water from the hydrant, or of any of the other boiler plate derelictions found in the rather typical bill of particulars of this motor vehicle negligence suit.

True, the general rule is that "[n]egligence cases by their

very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination" *(Ugarriza v Schmieder,* 46 NY2d 471, 474). That proposition does not avail plaintiffs here, because there is a failure to establish the nexus of causation between the claimed negligence and the resultant injury.

In *Palsgraf v Long Is. R. R. Co.* (248 NY 339, 341), Chief Judge Cardozo cited as controlling the observation of Baron Pollock that " 'Proof of negligence in the air, so to speak, will not do.' " At best, that is all that is presented here. The facts in *Palsgraf,* known to all the legal world where the common-law flag flies, began with a shove by a railway platform guard, which negligently dislodged a package from the arm of a passenger boarding a departing Long Island Railroad train. The package contained fireworks which exploded, causing a scale to topple at the far end of the station platform. The absence of connection between the guard's purportedly negligent act and Helen Palsgraf's injury was no different, in legal consequence, from what we see in this case, and ultimately required appellate reversal of the trial judgment in her favor. In *Palsgraf* the unpredictable airborne shock wave of the explosion propelled a normally innocuous and distant instrumentality upon the plaintiff. Here, the unpredictably strong thrust of a pressurized water stream propelled the infant plaintiff into an instrumentality whose passage was likewise neutral and inoffensive as to him. The same result, a bar to recovery, must regrettably follow.

Accordingly, the judgment of the Supreme Court, Bronx County (Douglas E. McKeon, J.), entered July 2, 1992, which granted defendant's motion for summary judgment dismissing the complaint, is unanimously affirmed, without costs.

SULLIVAN, J. P., ROSENBERGER and ELLERIN, JJ., concur.

Judgment, Supreme Court, Bronx County, entered July 2, 1992, affirmed, without costs.