■ JUDITH L. LYNN, Respondent, v LEON LYNN, as Representative of SIMON LYNN, Deceased, Appellant. [628 NYS2d 667] —Order of the Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about December 7, 1994, denying appellant's motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs or disbursements.

Plaintiff, then 81 years old, the sister of decedent, fell down a flight of stairs at her brother's home in Lawrence, Nassau County, and sustained a number of serious injuries. She brought this action alleging that the decedent was in violation of local ordinances in failing to provide a bannister or handrail; that there was inadequate lighting along the stairway; and that decedent was negligent "in failing to warn plaintiff, in general, of the dangerous condition that had existed for a sufficient length of time prior to the happening of the accident" so that decedent could and should have had knowledge and notice of it.

After depositions, the IAS Court denied the still-living defendant's (decedent) motion for summary judgment finding a triable issue of fact as to whether the stairway conformed to the applicable Fire Prevention and Building Code. The *nisi prius* court was silent, however, on the issue of proximate causation raised by decedent. We find that plaintiff failed to make a sufficient showing that the alleged negligence of the decedent was the proximate cause of plaintiff's accident and injuries, and, accordingly, reverse.

Plaintiff suffered an amnesia as to the events surrounding her fall. She was unable to testify at deposition as to what happened, how it happened, or what caused it to happen. The last thing she remembered was taking "a couple of steps" down the stairs and then waking up in the hospital. Plaintiff contends that since she is unable to testify as to the immediate circumstances surrounding the event, she must be held to a lesser degree of proof pursuant to the *Noseworthy* doctrine (*Noseworthy v City of New York*, 298 NY 76, 78), and cites this Court's decision in *Cresci v City of New York* (27 AD2d 277, *affd* 21

NY2d 932) for the proposition that the *Noseworthy* doctrine should be applied to an amnesiac plaintiff who has little or no recollection of the incident. However, in that case, we reversed judgment for the plaintiff and dismissed the complaint finding that plaintiff failed to establish negligence on the part of defendant (*supra*, at 279).

To meet her burden of proving a prima facie case, the plaintiff must show that decedent's negligence was "a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Co.*, 51 NY2d 308, 315). As, even more recently, restated by the Court of Appeals: "A jury verdict must be based on more than mere speculation or guesswork (*Feblot v New York Times Co.*, 32 NY2d 486, 494; *Digelormo v Weil*, 260 NY 192, 199). 'Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury' (*Ingersoll v Liberty Bank*, 278 NY 1, 7; *see, Feblot v New York Times Co.*, 32 NY2d, at 495, *supra*, citing *Digelormo v Weil*, 260 NY 192, 199-200, *supra*; *see also, Schneider v Kings Highway Hosp. Center*, 67 NY2d 743, 745). If 'there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible' (*Digelormo v Weil*, 260 NY, at 200, *supra*)." (*Bernstein v City of New York*, 69 NY2d 1020, 1021-1022.)

The *Noseworthy* doctrine does not apply in this case. As we recently said, in a similar situation; "[S]ince plaintiff and defendant are similarly situated insofar as accessibility to the facts of the deceased's death is concerned, the *Noseworthy* doctrine has no application" (*Wright v New York City Hous. Auth.*, 208 AD2d 327, 332). Here, decedent did not witness the accident and, therefore, the parties were on an equal footing with respect to knowledge of the occurrence.

However, even accepting plaintiff's contention that the *Noseworthy* doctrine applies and reduces her burden of proof, "[t]he rule *even as applied to amnesiacs* does not, however, shift the burden of proof or eliminate the need for plaintiffs to introduce evidence of a prima facie case" (*Schechter v Klanfer*, 28 NY2d 228, 233; emphasis added). There can be more than one proximate cause of an accident (*see, Mohammed v City of New York*, 205 AD2d 415, 416), and there is no requirement for the

plaintiff to exclude every other possible cause other than decedent's breach of duty (*Ferraro v Cinelli*, 193 AD2d 409). However, "the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation" (*Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664). Here, plaintiff, at best, relies on inferences as to causation which are based solely upon speculation. Her failure to come forward with prima facie evidence of decedent's negligence, even though she allegedly has no memory of the facts surrounding the accident, requires that summary judgment be granted to appellant (*supra*, at 664). Concur—Sullivan, J. P., Rubin, Asch, Nardelli and Tom, JJ.