■ BETTY BYRD, as Administrator of the Estate of VALERIE BYRD, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [644 NYS2d 773]

On May 23, 1987, at about 6:00 P.M., the plaintiff's decedent Valerie Byrd was found unconscious on a platform of the Wall Street Station of the defendant's IRT subway line. She was subsequently taken to the hospital, where she died on May 28. There were no witnesses to the incident which caused the injury. The only proof of the defendant's involvement is a bald conclusory statement from the office of the Medical Examiner of the City of New York that Byrd was hit by a train.

We find such evidence to be too speculative to permit a finder of fact to infer that the defendant was negligent, and that such negligence was in some way responsible for Byrd's injuries and subsequent death. While it is true that a deceased or unconscious plaintiff is held to a lesser standard of proof *(see, Noseworthy v City of New York,* 298 NY 76), that does not relieve the plaintiff of the obligation to provide some proof from which negligence could reasonably be inferred *(see, Wank v Ambrosino,* 307 NY 321; *Wright v New York City Hous. Auth.,* 208 AD2d 327; *Thomas v New York City Tr. Auth.,* 194 AD2d 663). Here, the plaintiff failed to adduce that proof in response to the defendant's showing that any determination as to how Byrd came to be injured would be based upon sheer speculation. The defendant's motion for summary judgment dismissing the complaint should therefore have been granted *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.