■ KENNETH GAYLE et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [668 NYS2d 693] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Gary, J.), entered March 14, 1996, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $13,550,085.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

The plaintiff Kenneth Gayle was injured when his car allegedly skidded on a wet roadway and collided with a parked trailer. He claims that he lost control of the car when it reached a large puddle which had formed on the roadway due to the appellant's negligence in maintaining proper drainage. However, there were no eyewitnesses to the accident and, as a result of injuries sustained in the accident, the injured plaintiff had no recollection of the accident. The jury returned a verdict against the appellant, absolving the injured plaintiff of all negligence. We reverse and dismiss the complaint.

The appellant does not dispute the jury's finding that it was negligent but contends that the plaintiffs failed to present legally sufficient evidence that the appellant's negligence was a proximate cause of the accident. The court charged the jury

that the plaintiffs had a lesser burden of proof due to the injured plaintiff's amnesia (*see, Noseworthy v City of New York*, 298 NY 76). Contrary to the view expressed by our dissenting colleagues, we are of the opinion that the plaintiffs failed to meet their burden of proof on the issue of proximate cause even according to the charge given by the court.

While it is true that a deceased or unconscious plaintiff, or one suffering from amnesia, is held to a lesser standard of proof (*see, Noseworthy v City of New York, supra*), it is equally true that even where the *Noseworthy* charge is applicable, it does not "shift the burden of proof or eliminate the need for plaintiffs to introduce evidence of a prima facie case" (*Schechter v Klanfer*, 28 NY2d 228, 233; *see also, Lynn v Lynn*, 216 AD2d 194; *Byrd v New York City Tr. Auth.*, 228 AD2d 537). "Speculation, guess and surmise * * * may not be substituted for competent evidence, and where * * * there are several possible causes of [one] accident, one or more of which a defendant is not responsible for, a plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which the defendant was responsible" (*Agius v State of New York*, 50 AD2d 1049, 1050; *see, Scheer v City of New York*, 211 AD2d 778; *Lynn v Lynn, supra*, at 196; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664).

There are numerous cases where the lack of competent proof of a nexus between a defendant's negligence and an amnesiac plaintiff's accident has been held to be fatal to the plaintiff's case. For example, in *Scheer v City of New York* (*supra*), the plaintiff's decedent was found lying in a crosswalk next to a gasoline cap raised above street level. There were no eyewitnesses. Reversing a judgment against the City and Con Edison, this Court dismissed the complaint because, even considering the lesser degree of proof required under the *Noseworthy* doctrine, "there was no showing that the alleged defect was the proximate cause of the decedent's accident" (*Scheer v City of New York, supra*, at 778).

Similarly, in *Fleming v Kings Ridge Recreation Park* (138 AD2d 451), an 11-year-old girl suffered amnesia and personal injuries when she fell from a diving board onto concrete. Although she presented competent evidence that the guardrails were lower than required by industry standards, the evidence failed to demonstrate that this negligence was a proximate cause of the injuries.

In *Lynn v Lynn* (*supra*), the plaintiff suffered injuries and amnesia as a result of a fall down the defendant's stairway. The Court found that the plaintiff presented sufficient proof

that the stairway, which was unlighted and without handrails, was negligently maintained but dismissed the complaint due to the plaintiff's failure to present a prima facie case that this negligence was a proximate cause of the accident. The Court stated that while "[t]here may be more than one proximate cause of an accident" and "there is no requirement for the plaintiff to exclude every other possible cause other than [the defendant's] breach of duty * * * 'the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation'" (*Lynn v Lynn, supra,* at 195-196, quoting *Thomas v New York City Tr. Auth.,* 194 AD2d 663, 664, *supra*).

In *Londa v Dougbay Estates* (39 AD2d 918), a six-year-old child died after being found unconscious atop a pile of construction material on the defendant's property. There were no competent witnesses. This Court held that "the record is devoid of any facts from which a fair inference could be drawn that the death of the child was caused by his tripping and falling over the construction material. Indeed, the case is bare of any facts indicating how the accident happened. In the absence of such proof, plaintiff is not entitled to a verdict" (at 918).

In *Cole v Swagler* (308 NY 325), the plaintiff brought an action against the driver of a car in which the decedent was a passenger. A judgment based upon a jury verdict in favor of the plaintiff was reversed by the Court of Appeals, which held that the plaintiff had failed to establish a prima facie case. At the trial, there had been some testimony that the car may have been speeding before it left the roadway, traveled 177 feet, struck two trees, and broke in two (*Cole v Swagler, supra,* at 327, 328). The Court of Appeals stated that even assuming that the car was traveling at an excessive speed, that fact alone was not sufficient to establish a proximate cause of the accident. In addition, there had to be proof that the speeding combined with other factors such as a sharp curve, wet road, etc., was the actual cause of the accident (*Cole v Swagler, supra,* at 331). Thus, even if the driver had been negligently speeding, the plaintiff was still required to prove that the speeding was a proximate cause of the accident.

As the Court of Appeals noted, proximate cause may be inferred through circumstantial evidence, but the inference must be a reasonable one (*Cole v Swagler, supra*). The Court also stated: "When an automobile swerves and leaves the road for no definitely assignable reason, it is altogether possible that the accident was due to either of several causes; the fail-

ure of the steering gear, or a lapse on the part of the driver. Both frequently happen * * * In all such cases the balance of probabilities between causes which entail liability and others which do not is equal enough so that an inference of fact which entails liability is the result of mere speculation" (*Cole v Swagler, supra*, at 330, quoting *Tortora v State of New York*, 269 NY 167). Significantly, the Court noted that the "condition of the car's tires, steering gear, brakes and other safety equipment was similarly undisclosed" (*Cole v Swagler, supra*, at 327). Finally, in holding that the plaintiff had failed to make out a prima facie case, the Court stated "[i]t is well settled that where an accident is one which might naturally occur from causes other than a defendant's negligence, the inference of his negligence is not fair and reasonable" (*Cole v Swagler, supra*, at 331).

The appellant correctly argues that the plaintiffs failed to present evidence from which the jury could have reasonably inferred, without speculation, that the water on the roadway precipitated the accident. While the plaintiffs' experts were highly qualified, they provided only speculative testimony to link the allegedly negligent condition and the accident. The testimony by Joseph Champagne, an engineer, established only an estimated length of the puddle and an explanation of the physics involved in hydroplaning. While perhaps relevant to the issue of the appellant's breach of duty, his testimony contributed nothing to the proximate cause issue.

While another expert, Thomas Bohan, opined that the water in the roadway caused the car to skid out of control, his opinion was nothing more than guesswork and conjecture. It was based only on his review of photos of the damaged car, examination before trial testimony of two local residents and the injured plaintiff's father, none of whom had witnessed the accident, police reports, and a visit to the accident site approximately seven years after the accident. Bohan testified primarily from the microsurvey which he had been given as part of the investigation. However, this diagram established only a number of possible contours of the puddle that existed on the date of the accident. Bohan was unable to give a precise length or depth of the puddle.

Moreover, Bohan's opinion as to the cause of the accident was inconsistent with his testimony that the plaintiff's car traveled approximately 300 feet, spun, and hit the trailer at a speed of 15 miles per hour. That testimony tends to indicate that the injured plaintiff may have been driving at a speed which was excessive for the existing road conditions. Bohan's

opinion was further undermined by his testimony that there was enough space for the injured plaintiff to drive around the puddle. Indeed, another witness, William Talley, testified that he saw cars driving around the flooded area.

Bohan's testimony that the car struck a tree was speculative in that the damage to the car's light and the tree could have been caused by another impact and the red glass found on the ground could have come from another car. Furthermore, the damaged tree bark was at a lower height than the bumper on the injured plaintiff's car. Bohan's explanation for this, that the car's springs may have compressed, was not persuasive. Thus, Bohan's opinion as to the cause of the accident was not "fairly inferable" from the evidence (*see, Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362 [expert's opinion of cause of car accident not "fairly inferable" from the evidence]).

There are many other just as plausible variables and factors which could have caused or contributed to the accident, and none of which were ruled out by the plaintiffs, such as a defect or mechanical failure in the car itself, low treads on the car's tires, the injured plaintiff's own negligence, or a pedestrian or vehicle which jumped in front of the injured plaintiff before he even reached the water. In any event, since the injured plaintiff failed to establish that the water caused him to lose control of his car, he is not entitled to a verdict against the appellant (*see, Schechter v Klanfer, supra; Lynn v Lynn, supra; Scheer v City of New York, supra; Fleming v Kings Ridge Recreation Park, supra; Londa v Dougbay Estates, supra*).

In light of our determination, we need not reach the parties' remaining contentions. Thompson, J. P., Sullivan and Joy, JJ., concur.

Goldstein, J., dissents and votes to modify the judgment, on the facts and as a matter of discretion, to grant the appellant a new trial with respect to past medical expenses unless the plaintiffs stipulate to reduce the award for past medical expenses to $1,355,656, to delete the awards of interest, to otherwise affirm the judgment, and to remit the matter to the Supreme Court, Kings County, for a new determination as to interest, and the entry of an appropriate amended judgment with the following memorandum, with which Pizzuto, J., concurs. At the trial, the plaintiffs submitted uncontroverted evidence of a recurrent flooding problem at the site of the accident, which was the subject of numerous complaints dating back about 10 years prior to the accident. Testimony by the appellant's own employees, as well as expert testimony, established that failure to correct the causes of the recurrent condition constituted negligence on the part of the appellant.

Since the plaintiff Kenneth Gayle suffered brain injuries during the accident, he only remembered that he reached a "very deep puddle * * * I got to hold still * * * and ease my gas", and could recall nothing else. The injured plaintiff's car was found to the north of the accumulation of water, which extended all the way across the road in some spots, wedged under the back end of a tractorless trailer. An eyewitness who observed the scene shortly after the accident testified that water was four or five inches deep at the curb and two inches deep at the center. The witness noted that the pooled water could not be seen by a driver traveling northbound. The injured plaintiff was returning home from a video store, and would have been traveling northbound.

The injured plaintiff's father, who examined the scene shortly after the accident, noted that a tree on the western curb of the road was "leaning" with freshly-peeled bark, and pieces of red plastic glass to the right of the tree. A private investigator who visited the scene one month later noted that the patch of peeled bark was 6 to 12 inches from the ground.

The plaintiffs submitted testimony from an expert specializing in accident reconstruction that, in his opinion, to a reasonable degree of certainty, the injured plaintiff lost control of the car when the car hydroplaned in the accumulation of water. The back end of the car struck the tree, smashing the car's red tail light, and the car then collided with the trailer at approximately 15 miles per hour.

Although it appeared to the expert that the peeled bark on the tree was 9 to 10 inches from the ground, and the bumper of the injured plaintiff's car was higher than 9 inches above the ground, the expert noted that when a vehicle is "hitting things", "a most frequent occurrence is for the vehicle to go down on its springs".

In determining whether the plaintiffs established a prima facie case, the evidence as to both negligence and proximate cause must be viewed in the light most favorable to the plaintiffs (see, Humphrey v State of New York, 60 NY2d 742, 743; Wragge v Lizza Asphalt Constr. Co., 17 NY2d 313). In the instant case, there was ample evidence of negligence (cf., Byrd v New York City Tr. Auth., 228 AD2d 537) and the existence of a dangerous condition (see, Kelly v Town of Islip, 141 AD2d 611); at issue here is whether there was proof that the dangerous condition resulting from the appellant's negligence was a proximate cause of the accident, despite the fact that the injured plaintiff could not recall the actual impact and no one else witnessed the actual impact. On the question of proximate

cause, the plaintiffs need only prove circumstances from which proximate cause may be reasonably inferred (*see, Wragge v Lizza Asphalt Constr. Co., supra*, at 321). The plaintiffs were not required to exclude all other possible causes of the accident (*see, Humphrey v State of New York, supra; Wragge v Lizza Asphalt Constr. Co., supra*, at 321).

In the instant case, there was expert testimony, supported by physical evidence, that the dangerous condition was "a substantial cause of the events which produced the injury" (*Derdiarian v Felix Constr. Co.*, 51 NY2d 308, 315). The majority, in holding to the contrary, states that, since the plaintiffs' car traveled possibly some 300 feet, spun, and hit the trailer at a speed of 15 miles per hour, the injured plaintiff may have been driving at an excessive speed. However, the expert never suggested that the injured plaintiff was driving at an excessive speed. The majority further states that the injured plaintiff should have driven around the puddle, despite evidence in the record that the pooled water could not have been seen in advance by a driver traveling northbound. Further, the majority concludes, as a matter of law, that the expert's explanation that it is a "most frequent occurrence" for a vehicle involved in collisions to "go down on its springs", should be denied credence. Finally, the majority finds that the plaintiffs' failure to rule out other "plausible variables and factors which could have caused or contributed to the accident", such as a problem with the plaintiffs' car, is fatal to their case. However, there was evidence in the record that the plaintiffs' car was in good condition prior to the accident. In any case, the majority's conclusion that the plaintiffs were required to exclude all other possible causes or contributing factors, and were required to prove that the injured plaintiff was free of any contributory negligence, is contrary to established case law (*see, Humphrey v State of New York, supra; Wragge v Lizza Asphalt Constr. Co., supra*, at 321). Since the jury's verdict as to liability is based upon a fair interpretation of the evidence in the record, it must be sustained (*see, Nicastro v Park*, 113 AD2d 129).

Turning to the appellant's remaining contentions, we note that, on the question of the existence of a dangerous condition, the appellant attempted to introduce evidence that for the two years prior to the accident, the Police Department had records of 8 to 10 accidents occurring at the site, which were not caused by accumulations of water. The trial court properly ruled that that evidence was inadmissible. Proof that the same allegedly dangerous condition existed for a number of years and that a significant number of persons encountered the condition

without being injured may be relevant to demonstrate that the condition was not, in fact, dangerous (*see, Cassar v Central Hudson Gas & Elec. Corp.*, 134 AD2d 672, 674; *Christoforou v Lown*, 120 AD2d 387). However, the party introducing such evidence must demonstrate that conditions were the same when the other persons proceeded over the site without incident (*see, Cassar v Central Hudson Gas & Elec. Corp., supra*, at 674; *see also, Orlick v Granit Hotel & Country Club*, 30 NY2d 246; *De Salvo v Stanley-Mark-Strand Corp.*, 281 NY 333). In this case, the dangerous condition was recurrent, not perpetual. There was no evidence that the prior accidents occurred under the same conditions. Further, the appellant's attorney acknowledged that there was "no way of proving or disproving" that all accidents which occurred at the site were reflected in the records he sought to admit in evidence. Thus, there was no indication that the documents were "a reliable indication of what they are expected to prove" (*Miller v Food Fair Stores*, 63 AD2d 766, 767).

The appellant contends that the trial court improperly applied the *Noseworthy* doctrine to this case, because it did not witness the accident, citing recent decisions of the Appellate Division, First Department, holding that the *Noseworthy* doctrine does not apply if the plaintiff and the defendant are similarly situated with respect to access to the facts (*see, Lynn v Lynn*, 216 AD2d 194; *Wright v New York City Hous. Auth.*, 208 AD2d 327). I disagree.

The *Noseworthy* doctrine, which imposes a lesser degree of proof upon the plaintiff in certain circumstances, was first enunciated at a time when a deceased plaintiff bore the burden of proving lack of contributory negligence, which was difficult because the "one accused of contributory negligence was not * * * alive to speak for himself" (*Noseworthy v City of New York*, 298 NY 76, 80). The rule also applied to proof of the plaintiff's cause of action against the defendant, on the ground that a deceased plaintiff should not be held to as high a degree of proof as a plaintiff who is able to describe the accident.

In *Schechter v Klanfer* (28 NY2d 228), the *Noseworthy* doctrine was extended to situations where there was clear and convincing evidence that the plaintiff, although still alive, suffered amnesia as a result of the accident. In that case, the Court of Appeals noted that "despite some contrary notions, the rule has been applied * * * where the plaintiff has called an eyewitness" (*Schechter v Klanfer, supra*, at 230-231). In *Schechter*, the *Noseworthy* doctrine was applied to a plaintiff suffering amnesia, despite the fact that his eyewitness and

companion at the time of the accident testified in his behalf at the trial.

In *Sawyer v Dreis & Krump Mfg. Co.* (67 NY2d 328, 334), the Court of Appeals noted that the *Noseworthy* doctrine is applicable where there are no eyewitnesses to the accident (*see, Matter of Fasano v State of New York*, 113 AD2d 885), and even where there were eyewitnesses in the plaintiff's behalf. The Court noted that the rule in New York that the *Noseworthy* doctrine could be applied even where there were eyewitnesses willing to testify in the plaintiff's behalf "contrasted" with the law of some other States (*Sawyer v Dreis & Krump Mfg. Co., supra*, at 334).

In view of the fact that the *Noseworthy* doctrine is applicable if there are no eyewitnesses or even eyewitnesses willing to testify in the plaintiff's behalf, the principle enunciated by the Appellate Division, First Department, in *Wright v New York City Hous. Auth.* (208 AD2d 327, 332, *supra*), and *Lynn v Lynn* (216 AD2d 194, 195, *supra*), that the *Noseworthy* doctrine is not applicable if the "plaintiff and defendant are similarly situated insofar as accessibility to the facts" is, in my view, contrary to established case law.

Moreover, the trial court properly refused to charge the jury that violation of applicable regulations of speed constituted evidence of negligence, since there is no evidence that the injured plaintiff was driving at an excessive speed (*see, Grant v New York Tel. Co.*, 114 AD2d 350; *Auer v Bienstock*, 104 AD2d 350).

The award of damages for past medical expenses was excessive to the extent indicated herein. However, the awards for future medical expenses and loss of services did not deviate from what would be reasonable compensation (*see*, CPLR 5501 [c]).

The recent decision of the Court of Appeals in *Rodriguez v New York City Hous. Auth.* (91 NY2d 76) holds that a court may, in its discretion, impose a rate of interest lower than 9% pursuant to General Municipal Law § 3-a (1). Thus, I would delete the awards of interest, and remit the matter to the Supreme Court so it may exercise its discretion in determining interest.

The appellant's remaining contentions are without merit.