■ KENNETH GAYLE et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [682 NYS2d 426] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Gary, J.), entered March 14, 1996, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $13,550,085. By decision and order dated February 9, 1998, this Court reversed the judgment and dismissed the complaint (*see, Gayle v City of New York*, 247 AD2d 431). In an opinion dated October 20, 1998, the Court of Appeals reversed the decision and order of this Court, held that the plaintiffs met their burden of proving a prima facie case as a matter of law, and remitted the matter to this Court for consideration of the facts and issues raised but not previously considered on appeal (*see, Gayle v City of New York*, 92 NY2d 936).

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial in accordance herewith.

The plaintiff Kenneth Gayle was injured when his car skidded on a wet roadway and collided with a parked trailer. He claims that he lost control of the car when it reached a large puddle which had formed on the roadway due to the negligence of the defendant City of New York in maintaining proper drainage. However, there were no eyewitnesses and, as a result of injuries sustained in the accident, Gayle had a limited recollection of the accident. The jury returned a verdict against the City, absolving Gayle of negligence. This Court reversed the

judgment and dismissed the complaint (*see, Gayle v City of New York*, 247 AD2d 431, *supra*). The Court of Appeals reversed, finding that the plaintiffs met their burden of proving a prima facie case as a matter of law (*see, Gayle v City of New York*, 92 NY2d 936, *supra*). Upon remittitur, we have considered the remaining issues raised but not previously determined, and now conclude that several errors committed by the trial court warrant a new trial.

The court charged the jury that due to his amnesia, Gayle had a lesser degree of proof than a plaintiff who could describe the occurrence. However, Gayle was not entitled to this so-called *Noseworthy* charge (*see, Noseworthy v City of New York*, 298 NY 76; *Schechter v Klanfer*, 28 NY2d 228) since the City had no more knowledge of the events surrounding the accident than Gayle did. Where, as here, the parties are on equal footing insofar as accessibility to the facts (*see, Wright v New York City Hous. Auth.*, 208 AD2d 327), there is no need to afford preferential treatment to Gayle (*cf., Noseworthy v City of New York, supra*; *see, Schechter v Klanfer, supra*).

The court also erred in denying the City's request to charge that a violation of New York City Traffic Regulation § 60 (c) (34 RCNY 4-06 [a] [3]) constituted some evidence of negligence. This regulation provides that no person shall drive a vehicle at a speed greater than the speed that is reasonable and prudent under the conditions then existing, while also taking into account any potential hazards. Gayle's own expert testified that after first reaching the water, Gayle's car continued to travel for approximately 300 feet, spun, struck a tree, and collided with a trailer while still traveling at a speed of 15 miles per hour. The testimony of Gayle and his wife showed that he was familiar with the pooling condition at this location, and had seen several puddles before reaching the one which allegedly caused his accident. It could be reasonably inferred from this evidence that Gayle was driving at a speed which was imprudent for the existing road conditions. A regulation establishing a standard of conduct should be charged if there is evidence in the record to support a finding that the regulation was violated (*see, Hardy v Sicuranza*, 133 AD2d 138; *Gamar v Gamar*, 114 AD2d 487; 1A NY PJI3d 219-220).

The City sought to introduce into evidence the results of a search of police department records which showed that none of the 8 to 10 accidents reported at that site during the two-year period preceding Gayle's accident was caused by an accumulation of water. The court should have admitted this evidence with a limiting instruction that the evidence was a factor for

consideration and not conclusive on the issue of negligence (*see, Orlick v Granit Hotel & Country Club,* 30 NY2d 246; *Wozniak v 110 S. Main St. Land & Dev. Improvement Corp.,* 61 AD2d 848).

In light of our determination, we need not address the City's remaining contentions, including its claim that the verdict was excessive. However, in the event of a second judgment against the City, we note that the court may impose a rate of interest on the judgment of less than 9% (*see, Rodriguez v New York City Hous. Auth.,* 91 NY2d 76). Thompson, J. P., Sullivan and Joy, JJ., concur.

Goldstein, J., dissents and votes to modify the judgment, on the facts and as a matter of discretion, to grant the appellant a new trial with respect to past medical expenses unless the plaintiffs stipulate to reduce the award for past medical expenses to $1,355,656, to delete the awards of interest, to otherwise affirm the judgment, and to remit the matter to the Supreme Court, Kings County, for a new determination as to interest, and the entry of an appropriate amended judgment, with the following memorandum, in which Pizzuto, J., concurs: The appellant contends that the trial court improperly applied the *Noseworthy* doctrine to this case, because it did not witness the accident, citing recent decisions of the Appellate Division, First Department, holding that the *Noseworthy* doctrine does not apply if the plaintiff and the defendant are similarly situated with respect to accessibility to the facts (*see, Lynn v Lynn,* 216 AD2d 194; *Wright v New York City Hous. Auth.,* 208 AD2d 327). I respectfully disagree.

The *Noseworthy* doctrine, which imposes a lesser degree of proof upon the plaintiff in certain circumstances, was first enunciated at a time when a deceased plaintiff bore the burden of proving lack of contributory negligence, which was difficult because the "one accused of contributory negligence was not alive to speak for himself" (*Noseworthy v City of New York,* 298 NY 76, 80). The rule also applied to proof of the plaintiff's cause of action against the defendant, on the ground that a deceased plaintiff should not be held to as high a degree of proof as a plaintiff who is able to describe the accident.

In *Schechter v Klanfer* (28 NY2d 228), the *Noseworthy* doctrine was extended to situations where there was clear and convincing evidence that the plaintiff, although still alive, suffered amnesia as a result of the accident. In that case, the Court of Appeals noted that "despite some contrary notions, the rule has been applied * * * where the plaintiff has called an eyewitness" (*Schechter v Klanfer, supra,* at 230-231). In

*Schechter*, the *Noseworthy* doctrine was applied to a plaintiff suffering amnesia, despite the fact that his eyewitness and companion at the time of the accident testified in his behalf at the trial.

In *Sawyer v Dreis & Krump Mfg. Co.* (67 NY2d 328, 334), the Court of Appeals noted that the *Noseworthy* doctrine is applicable where there are no eyewitnesses to the accident (*see, Matter of Fasano v State of New York,* 113 AD2d 885), and even where there were eyewitnesses in the plaintiff's behalf. The Court noted that the rule in New York that the *Noseworthy* doctrine could be applied even where there were eyewitnesses willing to testify in the plaintiff's behalf "contrasted" with the law of some other States (*Sawyer v Dreis & Krump Mfg. Co., supra,* at 334).

In view of the fact that the *Noseworthy* doctrine is applicable if there are no eyewitnesses or even eyewitnesses willing to testify in the plaintiff's behalf, the principle enunciated in *Wright v New York City Hous. Auth.* (208 AD2d 327, 332, *supra*), and *Lynn v Lynn* (216 AD2d 194, 195, *supra*), that the *Noseworthy* doctrine is not applicable if "the plaintiff and the defendant are similarly situated insofar as accessibility to the facts" is, in my view, contrary to established case law.

Moreover, the trial court properly refused to charge the jury that violation of applicable speed regulations constituted evidence of negligence. The appellant presented no expert testimony as to the cause of the accident, and the plaintiffs' experts never intimated that the plaintiff Kenneth Gayle was traveling at an excessive rate of speed. Determining the speed at which a vehicle will hydroplane in water requires expert analysis of multiple variables including the depth of the water on the road and the texture depth of the pavement (*see, Bush v Louisiana,* 395 So 2d 916, 919 [La]). The record is devoid of evidence of the proper variables, or of expert analysis. Drawing the inference that Gayle was driving at an excessive rate of speed at some point prior to the crash from the fact that Gayle's vehicle hydroplaned for 300 feet, and was traveling at 15 miles per hour when it crashed, is pure speculation. Since there is no evidence in the record that Gayle was traveling at an excessive rate of speed, there was no basis for such an instruction (*see, Grant v New York Tel. Co.,* 114 AD2d 350; *Auer v Bienstock,* 104 AD2d 350).

Further, the trial court properly refused to permit the appellant to introduce evidence that the police department had records of 8 to 10 accidents occurring at the site in the two years prior to the accident, which were not caused by accumulations

of water. The trial court properly ruled that that evidence was inadmissible. Proof that the same allegedly dangerous condition existed for a number of years and a significant number of persons encountered the condition without being injured may be relevant to demonstrate that the condition was not, in fact, dangerous (*see, Cassar v Central Hudson Gas & Elec. Corp.,* 134 AD2d 672, 674; *Christoforou v Lown,* 120 AD2d 387). However, the party introducing such evidence must demonstrate that conditions were the same when the other persons proceeded over the site without incident (*see, Cassar v Central Hudson Gas & Elec. Corp., supra,* at 674; *see also, Orlick v Granit Hotel & Country Club,* 30 NY2d 246; *De Salvo v Stanley-Mark-Strand Corp.,* 281 NY 333). In this case, the dangerous condition was recurrent, not perpetual. There was no evidence that the prior accidents occurred under the same conditions. Further, the appellant's attorney acknowledged that there was "no way of proving or disproving" that all accidents which occurred at the site were reflected in the records he sought to admit in evidence. Indeed, the police had no record of the instant accident until the plaintiff Roslyn Gayle went to the police station and reported it. Thus, there was no indication that the documents were "a reliable indication of what they are expected to prove" (*Miller v Food Fair Stores,* 63 AD2d 766, 767).

The award of damages for past medical expenses was excessive to the extent indicated herein. However, the awards for future medical expenses and loss of services did not deviate from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The court may, in its discretion, impose a rate of interest lower than 9% pursuant to General Municipal Law § 3-a (1) (*see, Rodriguez v New York City Hous. Auth.,* 91 NY2d 76). Thus, I would delete the awards of interest, and remit the matter to the Supreme Court so it may exercise its discretion in determining interest.

The appellant's remaining contentions are without merit.