Order, Supreme Court, New York County (Louis York, J.), entered October 26, 2012, which granted the motions by defendant/third-party plaintiff Beck’s North America, Inc. (Beck’s) and third-party defendants Madison Square Garden Center, Inc., Madison Square Garden, L.P (MSG) seeking summary judgment dismissing the complaint against Beck’s, and dismissing the third-party complaint against MSG, unanimously affirmed, without costs.
In this action for personal injuries allegedly sustained by plaintiff when he fell while playing basketball on a court owned and operated by defendants MSG during a game sponsored by defendant Beck’s, defendants met their initial burden of establishing prima facie entitlement to summary judgment dismissing plaintiff’s complaint, which also warrants dismissal of the third-party action (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Defendants demonstrated that plaintiff did not observe, let alone identify, the specific condition which purportedly caused him to slip and fall. Although plaintiff maintains that there was water on the court in the area where he fell, he admitted that he did not observe water on the court during the basketball game or following his fall. Thus, defendants demonstrated a lack of actual or constructive notice of the hazard that allegedly caused plaintiff to fall.
In opposition, plaintiff pointed to circumstantial evidence that was insufficient to raise a triable issue of fact since the proximate cause of the accident cannot be reasonably inferred from it, nor does it render other potential causes for the injurious fall “sufficiently remote or technical to enable the jury to *596 reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence” (Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392, 395 [1st Dept 2003], lv dismissed in part, denied in part 100 NY3d 636 [2003] [internal quotation marks omitted]; Lynn v Lynn, 216 AD2d 194, 194-195 [1st Dept 1995]). Concur — Mazzarelli, J.E, Friedman, DeGrasse, Freedman and Kapnick, JJ.