■ Elsayed Sihly et al., Appellants, v New York City Transit Authority, Respondent. [723 NYS2d 189] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about May 18, 2000, which denied plaintiffs' motion for leave to amend their complaint and bill of particulars to add claims for violations of Labor Law §§ 200, 240 (1) and 241 (6), unanimously modified, on the facts, only to the extent of granting plaintiffs leave to renew their motion with respect to their proposed Labor Law § 200 claim upon completion of discovery, and otherwise affirmed, without costs.

Leave to amend was properly denied since, at this juncture in the litigation, the claims plaintiffs propose to add to their complaint and bill of particulars appear to be plainly without merit (*see, e.g., Koss v Board of Trustees,* 281 AD2d 200).

Plaintiff was allegedly injured at a construction site when, while descending from a ladder, with one foot already on the work platform, his other leg "tripped" on what apparently was a part of the work platform, causing him to fall to the work platform. Contrary to plaintiff's argument, injuries sustained by him by reason of the accident, as alleged, are not compensable pursuant to Labor Law § 240 (1) since the accident was not attributable to the kind of extraordinary elevation-related risk that the statute was intended to guard against (*see, Nieves v Five Boro Air Conditioning & Refrig. Corp.,* 93 NY2d 914; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501).

The alleged violation of 12 NYCRR 23-1.5, a regulation that only sets general safety standards, would not constitute a basis for a claim under Labor Law § 241 (6) (*see, Hawkins v City of New York,* 275 AD2d 634).

The alleged violation of Labor Law § 200 would not constitute a basis for liability since there is no indication that defendant directed or controlled the performance of the work in which plaintiff was engaged at the time of his injury (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352).

We modify only to the extent of granting plaintiffs leave to renew their motion with respect to their Labor Law § 200 claim, since pending relevant discovery may provide a basis for such claim. Concur—Williams, J. P., Wallach, Lerner, Rubin and Friedman, JJ.