■ JOSHUA REYES et al., Respondents, v MAGNETIC CONSTRUCTION, INC., et al., Appellants, et al., Defendant. (And Other Third-Party Actions.) [922 NYS2d 291]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 5, 2010, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment as to their Labor Law § 240 (1) claim, and denied defendants' cross motion for summary judgment dismissing that claim, unanimously reversed, on the law, without costs, the motion denied, the cross motion granted and the Labor Law § 240 (1) claim dismissed.

While working as a bricklayer foreman at the construction site of a hotel, plaintiff was injured when he tripped and fell as he was ascending a temporary staircase from the first floor to the second floor of the hotel. The temporary staircase between the first floor and the second floor was constructed in a manner such that the top tread was "wedged" under the concrete slab that formed the second floor of the hotel. The riser height of the staircase measured an average of 8 to 8½ inches. However, because the concrete slab that formed the second floor landing was about nine inches thick, the riser height between the top tread of the staircase and top of the concrete slab (floor level)

was about 16 to 19 inches. Plaintiff was holding onto a piece of plywood at the top of the staircase to pull himself up onto the second floor, when his right foot caught the edge of the slab, causing him to fall forward onto the floor.

The injuries sustained by plaintiff are not compensable under Labor Law § 240 (1) because they did not occur as the result of an elevation-related or gravity-related risk (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). His trip and fall resulted from a hazard that was "wholly unrelated to the risk which brought about the need for the [stairs] in the first instance," and was the result of "the usual and ordinary dangers at a construction site" (*Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]; *see also Sihly v New York City Tr. Auth.*, 282 AD2d 337 [2001], *lv dismissed* 96 NY2d 897 [2001]). That plaintiff fell while he was at an elevated level does not render the injury a result of an elevation-related risk, as the accident occurred at the same level of plaintiff's work site (*Auchampaugh v Syracuse Univ.*, 57 AD3d 1291, 1292-1293 [2008]; *Grant v Reconstruction Home*, 267 AD2d 555 [1999], *lv dismissed* 95 NY2d 825 [2000]; *Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853 [1992], *appeal dismissed* 81 NY2d 1067 [1993]). Concur—Andrias, J.P., Saxe, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32075(U).]**