■ Yuriy Wowk, Appellant, v Broadway 280 Park Fee, LLC, Defendant, and Istithmar Building 280 Park, LLC, Respondent. (And a Third-Party Action.) [944 NYS2d 23]—

Order and judgment (one paper), Supreme Court, New York County (Judith J. Gische, J.), entered April 12, 2011, which, to the extent appealed from, granted defendant Istithmar Building 280 Park, LLC's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to deny the motion as to the Labor Law § 240 (1) and § 200 and common-law negligence claims, and to deem the complaint amended to assert a claim under Labor Law § 202, and otherwise affirmed, without costs.

Plaintiff, a professional window washer, was injured while carrying water up to the scaffold upon which he worked, when he fell down the fixed exterior staircase that provided the sole means of access to the scaffold.

Exterior window washing is a protected activity under Labor Law § 240 (1) (*see Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]). Moreover, plaintiff's act of carrying water for washing the windows was an integral part of cleaning the windows (*see Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 201-202 [2002]).

Defendant accurately points out that plaintiff stated for the first time on appeal that his first cause of action, which was undenominated, was brought under Labor Law § 202. Plaintiff identified the specific provision of the Industrial Code (12 NYCRR) that defendant allegedly violated, a prerequisite for a Labor Law § 202 claim, for the first time in opposition to defendant's motion. However, in view of the rule that leave to amend "shall be freely given" (CPLR 3025 [b]) and that defendant has shown no prejudice attributable to plaintiff's omissions, we find that plaintiff should be permitted to proceed with his Labor Law § 202 claim. His activity manifestly is covered by the statute. We also find that the reference in 12 NYCRR 23-1.7 (d) to "passageway[s]" can encompass a permanent staircase, when that staircase is the sole access to the work site (*see Ryan v Morse Diesel*, 98 AD2d 615, 616 [1983]).

In opposition to defendant's motion as to the Labor Law § 200 and common-law negligence claims, plaintiff raised an issue of fact whether defendant had constructive notice of a dangerous condition on the work site, based on a recurring condition (*see e.g. Martinez v White Cottage Enters.*, 2 AD3d 506 [2003]; *Padula v Big V Supermarkets*, 173 AD2d 1094, 1096 [1991]; *Sutton v Bruno's Vil. Inc.*, 2005 NY Misc LEXIS 3439, *19-21 [2005]). He testified that the treads on the staircase were wet when he was

ascending and descending them, that the wetness was caused by condensate from the nearby air conditioning units and their water tanks, and that there was moisture on the same part of the staircase every morning in August and September until 10:00 or 11:00 A.M., when it burned off.

Labor Law § 241 (6) does not apply to routine exterior window washing (*see Agli v Turner Constr. Co.*, 246 AD2d 16, 24 [1998]). Concur—Andrias, J.P., Saxe, Catterson, Renwick and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30827(U).]**