■ CHRISTOPHER VARONA, Appellant, v BROOKS SHOPPING CENTERS LLC et al., Respondents, et al., Defendant. [56 NYS3d 87]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered February 4, 2016, which granted defendants Brooks Shopping Centers LLC's and the Whiting-Turner Contracting Company's motions for summary judgment dismissing the complaint as against them, and denied plaintiff's motion for summary judgment as to liability on the Labor Law § 240 (1) cause of action, unanimously affirmed, without costs.

Plaintiff failed to establish his entitlement to application of the *Noseworthy* doctrine (*Noseworthy v City of New York*, 298 NY 76 [1948]), because he did not demonstrate by clear and convincing evidence that he suffered amnesia and that there was a causal relationship between defendants' alleged fault and his alleged amnesia (*see Schechter v Klanfer*, 28 NY2d 228 [1971]; *Tselebis v Ryder Truck Rental, Inc.*, 72 AD3d 198 [1st Dept 2010]). In any event, the parties were on equal footing as to their knowledge of the facts of the incident (*see Lynn v Lynn*, 216 AD2d 194 [1st Dept 1995]; *Gayle v City of New York*, 256 AD2d 541 [2d Dept 1998]).

Defendants' evidence suggests that, while working on a scaffold, plaintiff suffered a seizure and collapsed. Plaintiff failed to raise a triable issue of fact whether Labor Law § 240 (1) was violated. It is undisputed that he did not fall off the scaffold, and he submitted no evidence that his injuries were the "direct consequence" of a failure to provide adequate protection against an elevation-related risk (*see Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 97 [2015]). While plaintiff was working at an elevated level, his injuries did not occur as the result of a

risk posed by the elevation (see e.g. Reyes v Magnetic Constr., Inc., 83 AD3d 512 [1st Dept 2011]). Contrary to plaintiff's argument, given his own testimony that he had been walking on the scaffold before he lost consciousness, it is not reasonable to infer from the testimony of a coworker who did not directly witness the accident that he fell from the top of the wall onto the scaffold.

Defendants demonstrated with respect to the Labor Law § 200 and common-law negligence claims that they did not supervise or control plaintiff's work (see Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 626 [1st Dept 2015]). Defendant Brooks Shopping Centers LLC's regular inspection of the site to check on the progress of the work, and its authority to stop any work perceived to be unsafe, do not rise to the requisite level of supervision under Labor Law § 200 (Singh v 1221 Ave. Holdings, LLC, 127 AD3d 607, 608 [1st Dept 2015]).

Industrial Code (12 NYCRR) § 23-5.1 (b) is not sufficiently specific to serve as a predicate for a Labor Law § 241 (6) claim (Kosovrasti v Epic [217] LLC, 96 AD3d 695, 696 [1st Dept 2012]). 12 NYCRR 23-1.7 (b) does not apply, because plaintiff did not fall through a "hazardous opening" in the scaffold (Perez v Folio House, Inc., 123 AD3d 519, 520 [1st Dept 2014]; see also Garlow v Chappaqua Cent. School Dist., 38 AD3d 712, 714 [2d Dept 2007]). Nor is there evidence that plaintiff tripped over any materials, debris or equipment (12 NYCRR 23-1.7 [e]). As plaintiff did not fall from the scaffold, a missing rail, in violation of 12 NYCRR 23-5.1 (j) (1), was not a proximate cause of his injuries. Plaintiff improperly cites 12 NYCRR 23-1.16 for the first time on appeal (see Kosovrasti, 96 AD3d at 696). In any event, that provision, which sets standards for safety belts, harnesses, and lines, does not apply, because plaintiff was not provided with any of those devices (Dzieran v 1800 Boston Rd., LLC, 25 AD3d 336, 337 [1st Dept 2006]). Concur—Renwick, J.P., Richter, Feinman, Gische and Kahn, JJ.