## Riley v Memorial Sloan-Kettering Cancer Ctr. (David H. Koch Ctr.)

2025 NY Slip Op 30005(U)

January 2, 2025

Supreme Court, New York County

Docket Number: Index No. 156397/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>HON. PAUL A. GOETZ</u> | **PART** 47 |
| *Justice* | |

-----------------------------------------------------------------------------X

MICHAEL RILEY,

                             Plaintiff,

                   - v -

MEMORIAL SLOAN-KETTERING CANCER CENTER
(DAVID H. KOCH CENTER), NEW YORK PRESBYTERIAN
HEALTHCARE SYSTEM, INC., JGN CONSTRUCTION
CORP.,

                             Defendants.

-----------------------------------------------------------------------------X

JGN CONSTRUCTION CORP.

                       Plaintiff,

              -against-

ADCO ELECTRICAL CORP.,

                       Defendant.

-----------------------------------------------------------------------------X

**INDEX NO.** 156397/2020

**MOTION DATE** 07/24/2024, 07/24/2024, 07/29/2024

**MOTION SEQ. NO.** 001 002 003

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595116/2021

The following e-filed documents, listed by NYSCEF document number (Motion 001) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99

were read on this motion to/for                   <u>JUDGMENT - SUMMARY</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 67, 68, 69, 70, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 157, 158, 159, 160, 161, 162

were read on this motion to/for                   <u>JUDGMENT - SUMMARY</u>.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154

were read on this motion to/for                   <u>DISMISS</u>.

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**            **Page 1 of 14**
**Motion No.  001 002 003**

1 of 14

[* 1]

In this labor law personal injury action arising from an electrician's slip and fall on a stairwell on his way to take a break, defendant Memorial Sloan-Kettering Cancer Center (MSK) moves pursuant to CPLR § 3212 for summary judgment dismissing plaintiff's complaint,[1] and plaintiff cross-moves for summary judgment on the issue of defendants' liability under Labor Law §§ 240(1) and 241(6)[2] (MS #3)[3]. Defendant/third-party plaintiff JGN Construction Corp. (JGN) moves pursuant to CPLR § 3211 for summary judgment dismissing plaintiff's claims (MS #1)[4]. JGN also moves for summary judgment on its claims against ADCO for contractual indemnification; ADCO opposes and cross-moves for summary judgment dismissing the third-party complaint (MS #2).

## BACKGROUND

MSK, a not-for-profit cancer hospital, owns the property where plaintiff's injuries occurred, at 1275 York Avenue, New York, NY 10065 (the building). MSK hired JGN as a general contractor to complete a renovation project for new offices in the building (NYSCEF Doc No 151), and JGN hired ADCO as a subcontractor to perform demolition on one of the floors being renovated (NYSCEF Doc No 152).

Plaintiff, an electrical apprentice at ADCO, had been working at the building for about two months prior to his accident; his duties included pulling and connecting electrical wires and roughing out rooms, and he received his work instructions from a foreman also employed by ADCO (NYSCEF Doc No 161, pp. 25-29).

---

[1] MSK's motion is submitted as a motion to dismiss, but the notice of motion and supporting papers indicate that it is a motion for summary judgment (NYSCEF Doc No 71).

[2] Plaintiff's cross-motion applies to all three motions (but he failed to file a notice of cross-motion on MS #2).

[3] MSK additionally filed a "cross-motion" on MS #3 (NYSCEF Doc Nos 138-140), though MSK itself initiated this motion sequence. Notably, MSK labeled the documents as "Mot. Seq. #4" (*id.*). The motion appears to be an attempt by MSK to file another dispositive motion after the deadline of July 29, 2024 (NYSCEF Doc No 50). Accordingly, the purported cross-motion will not be considered.

[4] Though JGN's notice of motion also seeks to dismiss MSK's crossclaims and third-party defendant ADCO Electrical Corp.'s (ADCO) counterclaims, this is not addressed in the supporting papers (NYSCEF Doc Nos 51, 52).

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**                    **Page 2 of 14**
**Motion No.  001 002 003**

2 of 14

[* 2]

On July 16, 2020, at approximately 9:30 a.m., plaintiff exited the third floor, where he had been performing electrical work, and headed towards the staircase[5] to go outside for a coffee break (*id.* at 39). While descending the staircase, holding the railing on the left-hand side, plaintiff "slipped on the second step . . . from the bottom, . . . missed the [last] step, and [] crashed down on [his] knee," which "immediately started to get swollen" (*id.* at 39-40). Plaintiff observed: "there was dust all over the stairs and the staircase, itself, was beat up. There was no grip on the stairs, and the metal was showing through the paint" (*id.* at 43, 40-41 ["The second step from the bottom is the step that I slipped on because it was worn out, and the treads were showing, and there was dust all over it"]).

Plaintiff's causes of action against defendants include common law negligence and violations of Labor Law §§ 200, 240(1) and 241(6) (NYSCEF Doc No 1). JGN's answer included crossclaims against MSK and defendant New York Presbyterian Healthcare System, Inc. (NYPHS) for contribution, common law and contractual indemnification, and breach of contract for failure to procure insurance (NYSCEF Doc No 4); MSK's answer asserted the same crossclaims against JGN and NYPHS (NYSCEF Doc No 11). JGN also filed a third-party complaint against ADCO for contribution, common law and contractual indemnification, and breach of contract for failure to procure insurance (NYSCEF Doc No 14); ADCO's answer included counterclaims for the same (NYSCEF Doc No 23).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

---

[5] While plaintiff testified that the stairs were "the only entrance onto that job" (*id.* at 44), JGN asserts that "there were two possible entrances/exits to the worksite" (NYSCEF Doc No 155). At a minimum, the staircase at issue was the "primary" means of entering and exiting the building (*id.*; NYSCEF Doc No 81, p. 14 [JGN superintendent Andreas Tsavaris testifying that "[i]t was the primary entryway [and exit] of the construction site"]).

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 3 of 14**

3 of 14

[* 3]

demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

Labor Law § 200 & Common Law Negligence

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). It provides that worksites "shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives,

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 4 of 14**

[* 4]                                                     4 of 14

health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200[1]).

"Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2nd Dept 2008]). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*id*.). In contrast, where the manner of work is concerned, "recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id*.). Further, "[a] defendant is not liable under Labor Law § 200 where the plaintiff's conduct is the sole proximate cause of the accident" (*Singh v 180 Varick LLC*, 203 AD3d 1194, 1196 [2nd Dept 2022]).

MSK argues that plaintiff's common law negligence and Labor Law § 200 causes of action fail as against it because (i) MSK did not have supervisory control over the means and methods of plaintiff's work; and (ii) "JGN was plainly the entity in charge of" ensuring the safety of plaintiff's workplace, which included an "obligat[ion] to keep the stairs free of obstructions and slipping hazards," and MSK had no actual or constructive notice of the slipping hazard that caused plaintiff's injury (NYSCEF Doc No 73 [MSK had not received any complaints about the dust, MSK only knew "that JGN was implementing [] three separate methods to remove dust from the stairs," and noting that "dust is always omnipresent on any construction site"]). Plaintiff does not contend that MSK had supervisory control over his work but argues that a question of fact remains as to whether MSK had constructive notice of the

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 5 of 14**

5 of 14

dangerous condition, as "MSK did not produce [] evidence addressing MSK's duties with respect to maintaining and cleaning the subject stairway" (NYSCEF Doc No 111).

MSK "failed to establish, prima facie, that it did not have constructive notice of the condition" since MSK, as the owner of the premises, "was responsible for cleaning the subject stairs"—which was the primary entrance/exit to the building—and it "did not present any evidence as to when the stairs were last cleaned or inspected prior to plaintiff's accident" (*Titov v V&M Chelsea Prop., LLC*, 230 AD3d 614, 618 [2nd Dept 2024]). Accordingly, the part of MSK's motion for summary judgment seeking to dismiss plaintiff's negligence and Labor Law § 200 causes of action as against it (MS #3) will be denied.

JGN argues that plaintiff's negligence and Labor Law § 200 causes of action fail as against it because (i) in its agreement with MSK, it only accepted responsibility for removing debris from the construction site (i.e., the third floor), and not the staircase where plaintiff fell; and (ii) it lacked constructive notice of the alleged dangerous condition because there were no prior complaints about dust on the stairs, plaintiff's coworkers descended the stairs without incident, and plaintiff admitted that dust is part and parcel of construction sites (NYSCEF Doc No 52). Plaintiff argues that JGN had a contractual obligation to ensure the safety of the worksite *and* the "surrounding area," and that a question of fact remains as to whether JGN was responsible for maintaining the stairs and had constructive notice of the dangerous condition (NYSCEF Doc No 98 [noting that plaintiff's accident occurred 2.5 hours into his shift, JGN did not establish when the stairs were last inspected, and "all deponents confirmed that the jobsite often created dust"]). In its reply, JGN asserts that "[w]hile it is true that workers were required to use the staircase in question when reporting [to work] in the morning[,] they were not so

**156397/2020  RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 6 of 14**

required throughout the remainder of the day, and were free to use [the other] staircase" (NYSCEF Doc No 155).

"[A] worksite within the meaning of Labor Law § [200] is not limited to the actual area where the construction work is to be performed and includes adjacent areas that are part of the construction site, such as passageways or walkways to and from the work area" (*Zito v Occidental Chem. Corp.*, 259 AD2d 1015, 1016 [4th Dept 1999]). Regardless of whether there was an alternative exit plaintiff could have used, "[t]he record establishes that, at the time of the accident, plaintiff was using a passageway or walkway designated by [defendants] for [ADCO] workers reporting for work" (*id.*; *Linkowski v City of New York*, 33 AD3d 970, 974 [2nd Dept 2006] ["Contrary to [defendant's] contention, the plaintiff's deposition testimony established that the stairway [] where the accident occurred was a passageway to and from the work site"]). Therefore, JGN was responsible for keeping the stairs in a safe condition, and JGN did not provide evidence as to when the stairs were last inspected prior to plaintiff's accident (*Titov*, 230 AD3d at 618). Accordingly, the part of JGN's motion for summary judgment seeking to dismiss plaintiff's negligence and Labor Law § 200 causes of action as against it (MS #1) will be denied.

Labor Law § 240(1)

Labor Law § 240, known as New York's "Scaffold Law," requires that "[a]ll contractors and owners and their agents, … furnish or erect [safety] devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240[1]). "To prevail on a Labor Law § 240 (1) claim, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of the injury" (*Cutaia v Bd. of Mgrs. of the 160/170 Varick St. Condo.*, 38 NY3d 1037, 1042-43 [2022]). The protections of this section "do not encompass any and all perils that may be connected in some tangential way with the effects

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 7 of 14**

[* 7]

7 of 14

of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 501 [1993]). Rather, the injury must be "attributable to the kind of extraordinary elevation-related risk that the statute was intended to guard against" (*Sihly v New York City Tr. Auth.*, 282 A.D.2d 337, 723 N.Y.S.2d 189 [2001]).

MSK and JGN both move for summary judgment dismissing plaintiff's Labor Law § 240(1) cause of action, and plaintiff cross-moves for summary judgment on the issue of defendants' liability under the statute. MSK and JGN argue that they cannot be held liable under Labor Law § 240(1) because plaintiff fell from a permanent stairway (*Gallagher v Andron Constr. Corp.*, 21 AD3d 988, 989 [2nd Dept 2005] ["Where a fall occurs from a permanent stairway, no liability pursuant to Labor Law § 240 (1) can attach"]). As plaintiff notes, "the [mere] fact that the staircase on which plaintiff fell was constructed as a permanent structure does not remove it from the reach of Labor Law § 240 (1)" (*DaSilva v Toll GC LLC*, 224 AD3d 540, 541 [1st Dept 2024]). Nevertheless, "[t]he permanent staircase from which the plaintiff fell was a normal appurtenance to the building and was not designed as a safety device to protect him from an elevation-related risk" (*Verdi v SP Irving Owner, LLC*, 227 AD3d 932, 936 [2nd Dept 2024]; *Sullivan v New York Athletic Club of City of N.Y.*, 162 AD3d 950, 953 [2nd Dept 2018] ["there is no liability arising from the plaintiff's act of descending the stairs"]). In the cases cited by plaintiff, "the stairway was an elevated surface on which plaintiff was required to work" (*Conlon v Carnegie Hall Socy., Inc.*, 159 AD3d 655, 655 [1st Dept 2018]; *DaSilva v Toll GC LLC*, 224 AD3d 540, 541 [1st Dept 2024] ["Because plaintiff's foreman instructed him to work on an elevated work platform—namely the stairway—defendants were required to provide plaintiff with an adequate safety device to carry the staircase mold up the stairs"]). Here, however, "plaintiff was using the [] permanent staircase as a passageway[, and an] accident

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 8 of 14**

8 of 14

arising on such a passageway does not lie within the purview of subdivision 1 of section 240" (*Ramirez v Shoats*, 78 AD3d 515, 519 [1st Dept 2010]). Accordingly, the parts of MSK's (MS #3) and JGN's (MS #1) motions for summary judgment seeking to dismiss plaintiff's Labor Law § 240(1) cause of action will be granted; and the parts of plaintiff's cross-motions for summary judgment on defendants' liability under this statute will be denied.

Labor Law § 241(6)

Labor Law § 241(6) provides that "[a]ll areas . . . shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." The obligations imposed under Labor Law § 241 are non-delegable, meaning that once a plaintiff has established a violation, he need not demonstrate that the owner or general contractor exercised supervision or control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). In order to state a viable Labor Law § 241 claim, a plaintiff must allege that the defendant violated a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]).

MSK and JGN both move for summary judgment dismissing plaintiff's Labor Law § 241(6) cause of action, and plaintiff cross-moves for summary judgment on the issue of defendants' liability under the statute. Plaintiff's bill of particulars asserts that defendants violated Industrial Code §§ 23-1.5, 23-1.7, 23-2.1, 23-2.7, 23-1.30, and 23-1.15 (NYSCEF Doc Nos 28, 45). However, the only remaining dispute is whether defendants violated Industrial Code § 23-1.7 (NYSCEF Doc Nos 52, 73, 98, 111 [MSK and JGN set out how all other sections are inapplicable, and plaintiff does not oppose those parts of their motions). This section provides:

> (d) **Slipping hazards**. Employers shall not suffer or permit any
> employee to use a floor, passageway, walkway, scaffold, platform

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 9 of 14**

9 of 14

or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing.

(e) **Tripping and other hazards**.
(1) Passageways. All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered.
(2) Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed.

(f) **Vertical passage**. Stairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided.

"[T]he reference in 12 NYCRR 23-1.7 (d) to passageways can encompass a permanent staircase, when that staircase is the sole access to the work site" (*Wowk v Broadway 280 Park Fee, LLC*, 94 AD3d 669, 670 [1st Dept 2012]). As noted *supra*, plaintiff testified that the stairs were "the only entrance onto that job" (NYSCEF Doc Nos 161, p. 44; 99 ["workers were required to enter the jobsite via the subject stairs due to Covid protocols and prohibited workers from using the other staircase because it directly opened into the hospital area where cancer patients were undergoing treatment and also closed off the passenger elevators to prevent anyone unaffiliated with the jobsite from entering it"]). JGN asserts that "while the staircase where Mr. Riley fell was the preferred means of egress from the job site . . . because there would be no contact with patients going that way, . . . there was, in fact, another exit on the opposite end of the job site" (NYSCEF Doc No 53). "[E]verybody had the option to [use the alternative entrance] if there was a reason to go out that way" after being tested for COVID, but at a

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 10 of 14**

[* 10]

minimum, the staircase at issue was the "primary" means of entering and exiting the building (NYSCEF Doc No 81, pp. 14, 191). Thus, while the subject stairway was not plaintiff's only means of egress at the time that he fell, it was still the "sole access to the work site" when plaintiff arrived each morning for his COVID screening (*Wowk*, 94 AD3d at 670). It is unclear from the evidence submitted whether the stairway was, in practice, the only means of accessing the worksite, especially considering that workers were encouraged to avoid contact with MSK's vulnerable patients during the height of the pandemic. There also remains a question of fact as to whether the stairs were left "in a slippery condition" within the meaning of Industrial Code § 23-1.7(d). Therefore, whether this section was violated cannot be determined as a matter of law.

As plaintiff notes, "[w]hether or not a passageway is the sole means of access is pertinent to an analysis for [subsection (d)], but not for [subsection (e)]" (NYSCEF Doc Nos 98, 111). However, "12 NYCRR 23-1.7(e)(1) . . . is inapplicable to the facts of this case, since the accident was the result of a slipping hazard, not a tripping hazard [and] 12 NYCRR 23-1.7(e)(2) is inapplicable [] because it applies to working areas, and the staircase in which the accident allegedly occurred was a 'passageway,' not a working area" (*Titov v V&M Chelsea Prop., LLC*, 230 AD3d 614, 617 [2nd Dept 2024] [citations and quotation marks omitted] [plaintiff slipped on debris or dust while descending a staircase]; compare with *Ohadi v Magnetic Constr. Group Corp.*, 182 AD3d 474, 476 [1st Dept 2020] [while leaving for a lunch break, plaintiff slipped on dust that had accumulated on the stairs, however, there was "[a]n issue of fact [] as to whether dust and paint from sanding and/or painting that had been done in the stairway caused him to slip and fall"]). Therefore, plaintiff cannot predicate his Labor Law § 241 claim on a violation of Industrial Code § 23-1.7(e).

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 11 of 14**

Industrial Code § 23-1.7(f) is inapplicable to the facts of this case, as plaintiff does not allege that defendants failed to provide a stairway as the means of access to working levels (compare with *Chiarella v New York State Thruway Auth.*, 230 AD3d 463, 463 [2nd Dept 2024] ["claimant was descending from an upper walkway to a lower walkway on the work site, using a wooden pallet that had been installed between the two levels"]; *Doto v Astoria Energy II, LLC*, 129 AD3d 660, 660 [2nd Dept 2015] ["plaintiff allegedly sustained injuries when he fell while climbing over a railing of a permanent platform"]; *Lavore v Kir Munsey Park 020, LLC*, 40 AD3d 711, 712 [2nd Dept 2007] ["plaintiff was injured when he fell while descending from the side of his utility truck"]).

Questions of fact remain as to whether defendants violated Industrial Code § 23-1.7(d). Accordingly, the parts of MSK's (MS #3) and JGN's (MS #1) motions for summary judgment seeking to dismiss plaintiff's Labor Law § 241(6) cause of action are granted as predicated on Industrial Code §§ 23-1.5, 23-1.7(e), 23-1.7(f), 23-2.1, 23-2.7, 23-1.30, and 23-1.15, and denied as predicated on Industrial Code § 23-1.7(d); and the part of plaintiff's cross-motions seeking summary judgment on the issue of defendants' liability under that statute, will be denied.

Contribution, Indemnification & Breach of Contract

In the subcontract agreement entered into by ADCO and JGN, ADCO agreed to indemnify JGN "from any and all claims, suits, damages, liabilities, [and] professional fees . . . related to [] personal injuries . . . arising out of or in connection with or as a result of or consequence of the performance of the Work of the Subcontractor under this agreement" (NYSCEF Doc No 65, § 7.1). The agreement contemplates "1) full indemnity in the event of liability imposed against the Indemnities without negligence and solely by reason of statute, operation of law or otherwise; and 2) partial indemnity in the event of any actual negligence on

156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING
Motion No.  001 002 003

Page 12 of 14

[* 12]

the part of the Indemnities either causing or contributing to the underlying claim" (*id.*). It also states that "[u]nder no circumstances shall this agreement be interpreted to require Subcontractor to indemnify and hold harmless Indemnities for Indemnities' negligence or wrongdoing" (*id.*).

JGN moves for summary judgment on its cause of action against ADCO for contractual indemnification, and ADCO cross-moves for summary judgment dismissing JGN's third-party complaint in its entirety (MS #2). As determined *supra*, issues of fact remain as to JGN's negligence and statutory liability for plaintiff's injuries. Since JGN has not "establish[ed] that it was free from any negligence and [may be] held liable solely by virtue of the statutory liability" (*Correia v Professional Data Mgmt., Inc.*, 259 AD2d 60, 65 [1st Dept 1999]), "a conditional order of summary judgment for contractual indemnification must be denied as premature" (*Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2nd Dept 2009]; *Radeljic v Certified of N.Y., Inc.*, 161 AD3d 588, 590 [1st Dept 2018] ["In light of the issues of fact that exist as to the extent of defendant's liability for causing plaintiff's injuries, summary judgment on defendant's contractual indemnification claim [] would be premature"]).

Similarly, it would be premature to grant ADCO summary judgment dismissing JGN's common law indemnification and contribution claims (*Brockman v Cipriani Wall St.*, 96 AD3d 576, 577 [1st Dept 2012] ["Cipriani's cross motion seeking summary judgment on its claim for common-law indemnification against Exquisite is denied as premature, since no finding as to responsibility for plaintiff's accident has been made"]; *Barraco v First Lenox Terrace Assoc.*, 25 AD3d 427, 429 [1st Dept 2006] ["Since it has not yet been determined whether any party's negligence contributed to the accident, a finding of common-law indemnity is premature"]). Additionally, ADCO did not address JGN's breach of contract cause of action for ADCO's alleged failure to procure proper insurance (NYSCEF Doc No 115).

**156397/2020   RILEY, MICHAEL vs. MEMORIAL SLOAN-KETTERING**
**Motion No.  001 002 003**

**Page 13 of 14**

[* 13]

Accordingly, JGN's motion for summary judgment on its cause of action against ADCO for contractual indemnification and ADCO's cross-motion for summary judgment dismissing JGN's third-party complaint will be denied (MS #2).

## CONCLUSION

Based on the foregoing, it is

ORDERED that the parts of MSK's (MS #3) and JGN's (MS #1) motions for summary judgment seeking to dismiss plaintiff's negligence and Labor Law § 200 causes of action are denied; and it is further

ORDERED that the parts of JGN's (MS #1) and MSK's (MS #3) motions for summary judgment seeking to dismiss plaintiff's Labor Law § 240(1) cause of action are granted; and the parts of plaintiff's cross-motions for summary judgment on defendants' liability under Labor Law § 240(1) are denied; and it is further

ORDERED that the parts of MSK's (MS #3) and JGN's (MS #1) motions for summary judgment seeking to dismiss plaintiff's Labor Law § 241(6) cause of action, and the part of plaintiff's cross-motions seeking summary judgment on the issue of defendants' liability under Labor Law § 241(6), are denied; and it is further

ORDERED that JGN's motion for summary judgment on its cause of action against ADCO for contractual indemnification and ADCO's cross-motion for summary judgment dismissing JGN's third-party complaint are denied (MS #2).

20250102170328PG0ETZ13CEEF4EEBBB1407259290D07F0C83782

| **1/2/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 14]