D'Angelo v Legacy Yards Tenant LLC (2025 NY Slip Op 02409)

D'Angelo v Legacy Yards Tenant LLC

2025 NY Slip Op 02409

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 151909/20|Appeal No. 4199|Case No. 2024-04823|

[*1]Thomas D'Angelo et al., Plaintiffs-Respondents,
v
Legacy Yards Tenant LLC, et al., Defendants-Appellants.

Mauro Lilling Naparty, LLP, Woodbury (Glenn A. Kaminska of counsel), for appellants.
Korman Lynch, Flushing (John G. Korman of counsel), for respondents.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered June 26, 2024, which, insofar as appealed from, granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim as against defendants ERY Tenant LLC (ERY) and Tutor-Perini Building Corp. (Tutor-Perini), and denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the complaint as against defendants Legacy Yards Tenant LLC, WRY Tenant LLC, The Related Companies, L.P., The Related Companies, Inc., and Tishman Construction Corporation, and dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) claims as against defendants ERY, Tutor-Perini, and Hudson Yards Construction LLC (Hudson), and otherwise affirmed, without costs.
Initially, the complaint is dismissed as against defendants Legacy Yards Tenant LLC, Wry Tenant LLC, The Related Companies, L.P., The Related Companies, Inc., and Tishman Construction Corporation, as abandoned (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).
The court properly granted plaintiffs partial summary judgment on the Labor Law § 240 (1) claim as against ERY, the property owner, and Tutor-Perini, the general contractor, and defendants fail to establish that the claim should have been dismissed as against Hudson. Plaintiffs met their initial burden through plaintiff D'Angelo's testimony that, while ascending a steel ship's ladder, he slipped on an unknown grimy substance on the second rung from the top of the ladder, began to fall, and struck his head on a Kindorf rack while falling (see Saula v Harlem Urban Dev. Corp., 235 AD3d 478 [1st Dept 2025]; Lindsay v CG Maiden Member, LLC, 213 AD3d 604, 605 [1st Dept 2023]). Defendants' argument that plaintiff merely struck his head as he was ascending the ladder, and not while falling after he slipped, is both belied by plaintiff's deposition testimony and unsupported by the record. Defendants' additional argument that plaintiff's version of events is contradicted by two accident reports is unavailing, as those reports do not contradict plaintiff's testimony but merely do not mention plaintiff falling (see e.g. Cuevas v Baruti Constr. Corp., 164 AD3d 447, 450 [1st Dept 2018]).
The court should have dismissed the Labor Law § 241 (6) claim as against ERY, Tutor-Perini, and Hudson, on the basis that the Industrial Code provisions on which plaintiffs rely are inapplicable or abandoned. Industrial Code (12 NYCRR) § 23-1.7 (d) does not apply to this case because the ladder from which plaintiff fell "was not 'a floor, passageway, walkway, scaffold, platform or other elevated working surface'" (Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 583 [1st Dept 2021]). 12 NYCRR 23-1.7 (e) (1) and (2) do not apply because there is no evidence that Thomas "tripped over any materials, debris or equipment" (Varona v Brooks Shopping Ctrs. LLC, [*2]151 AD3d 459, 460 [1st Dept 2017]). 12 NYCRR 23-1.21 (b) (3) (iv) is limited to structural defects in ladders (see e.g. Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1578 [4th Dept 2016]; Hossain v Kurzynowski, 92 AD3d 722, 725-726 [2d Dept 2012]) and does not apply to the slippery substance on the ladder in this case (see e.g. Zimmer v Town of Lancaster Indus. Dev. Agency, 125 AD3d 1315, 1317 [4th Dept 2015]). Plaintiff has abandoned any other Industrial Code provisions.
Defendants established their prima facie entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against ERY, Tutor-Perini, and Hudson. It is undisputed that plaintiff was instructed to do his work on the day of his accident by his own company's supervisor, and that plaintiff did not receive instructions or directions from anyone other than his own company. Thus, defendants established that they did not actually exercise supervisory control over the injury-producing work, which was caused by the equipment plaintiff used to perform the work (see Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406 [1st Dept 2018]), namely, the ladder allegedly containing a slippery and grimy substance (see Conklin v Triborough Bridge & Tunnel Auth., 49 AD3d 320, 321 [1st Dept 2008]), and plaintiffs failed to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025